UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.          )    MAGISTRATE NO. 04-1639-CBS<br>)<br>)<br>SONAM DHONDUP        ) | |

### MOTION FOR REVIEW OF MAGISTRATE'S DETENTION ORDER

The defendant Sonam Dhondup respectfully moves this Court to vacate the detention order in the above-captioned case. The defendant makes this motion pursuant to 18 U.S.C. §3145(b). The detention order was entered by Magistrate Judge Charles B. Swartwood on February 25, 2004. The magistrate judge erred in finding that the complaint was supported by probable cause and in determining that Mr. Dhondup was posed a risk of flight. The defendant asks this Court for an order dismissing the complaint or alternatively imposing conditions of release.

### The Judge's Findings of Fact

The complaint charges Ouajdi Ben-Mrad and "John Doe[1]" with knowingly effecting transactions with access devices issued to another person, in order to receive payment or any other thing of value, with intent to defraud, in violation of 18 U.S.C.

---

[1] Sonam Dhondup was arrested as the "John Doe" and is being held on that basis.

1

§1029(a)(5). The investigation in this case was initiated after residents of the Bourne vicinity complained to law enforcement that fraudulent charges were being made to their credit cards. <u>Memorandum</u> of <u>Probable Cause</u>, p.2 (hereinafter "MPC," attached as exhibit 2). Most of the people who registered complaints told the authorities that they had used their credit cards at the Cape Cod Filling Station in Buzzards Bay:

> Law enforcement officers concluded that the customers of the Cape Cod Filling Station . . . were the victims of "skimming," which involves the practice of capturing and storing a person's debit or credit card information off the magnetic stripe located on the back of the card and then illegally producing duplicate cards or altering other cards with the victim's information encoded on the back.

MPC, p.3.

Both Ben-Mrad and "John Doe" were arrested on a warrant. The warrant was issued on the strength of an affidavit authored by Agent John Murphy of the Secret Service.[2] "John Doe" was described as an asian male in his 20s with a stocky build. Sonam Dhondup is a young man from Tibet. The affidavit did not show probable cause to believe that "John Doe" was part of a scheme to defraud the victim credit card holders who were customers of the Cape Cod Filling Station. The affidavit did no more than show that an Asian man had waited on customers who paid by credit card. The affidavit did not allege that any skimmer had been

---

[2] The affidavit was exhibit 1 in evidence and is attached to this petition.

seen or found on the gas station premises or that "John Doe" ever possessed a skimmer. The affidavit did not allege that John Doe ever spoke with anyone in a way that evidenced his knowledge of the alleged scheme or his participation in it. Other evidence at the detention hearing apart from the affidavit established that the fraudulent scheme began before Sonam Dhondup ever began working at the gas station. Det. Hrg. Tr., pp.25-26, attached as exhibit 4.

I.  THE MAGISTRATE JUDGE ERRED IN FINDING THAT THE COMPLAINT WAS SUPPORTED BY PROBABLE CAUSE.

A review of the evidence at the detention hearing shows that it did not support even a finding of probable cause to believe that Sonam Dhondup committed the conduct alleged in the complaint. Because there was no probable cause, the detention order here was invalid. Gerstein v. Pugh, 420 U.S. 103, 116-119, 95 S.Ct. 854, 864-865(1975). In noting that the evidence against Mr. Dhondup was "circumstantial," the magistrate found that two customers identified him as the attendant to whom they had given their credit cards at some point while buying gas. MPC, p.14. This finding was not supported by the evidence, as Agent Murphy testified that no customers were ever shown photographs of Mr. Dhondup for the purpose of making identifications of him. Tr., p.18. But even if such identifications had been made, probable cause would still be lacking, because this would show only that Dhondup worked at the station. It would not show that he used a

skimmer or knew that these patrons were being stolen from and willingly participated in the thefts. Such identification evidence does nothing to prove guilty knowledge and intent, critical elements of the charge here.

II  THE DEFENDANT CAN ABIDE BY CONDITIONS OF RELEASE WHICH WILL ASSURE BOTH THE SAFETY OF THE COMMUNITY AND HIS APPEARANCE IN COURT.

Even if probable cause could be found on the record below, the magistrate judge erred in finding that detention was necessary to assure that Mr. Dhondup would appear for future court proceedings. In ordering detention, the magistrate found that Mr. Dhondup had no relatives living in the U.S. MPC, p.12. This conclusion was wrong and contradicted by the evidence. Two cousins of Mr. Dhondup's appeared in court to offer themselves as potential third-party custodians. Tr., p.44. Additionally, the evidence showed that Mr. Dhondup traveled from Massachusetts to New York City for a hearing before an immigration hearing officer on December 16, 2003. Tr., p.35, alluding to Doe's exhibit A, attached as exhibit 3. He was not ordered detained by the Bureau of Immigration and Customs Enforcement; rather he was ordered to return for a combined removal and asylum hearing on June 25, 2004. This was strong evidence that he would not flee to avoid future court proceedings.

CONCLUSION AND REQUEST FOR HEARING

For the reasons set forth above, the defendant Sonam Dhondup asks this Court to vacate the order of detention in this case and either to dismiss the complaint as unsupported by probable cause or to release him on conditions pending further proceedings.

Respectfully submitted

By his attorney,

/s/ Syrie D. Fried
Syrie D. Fried
B.B.O. # 555815
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA 02210
Tel: 617-223-8061

CERTIFICATE OF SERVICE

I, Syrie D. Fried, do hereby certify that a copy of the foregoing motion was served upon Assistant U.S. Attorney Nadine Pellegrini by delivery on March 19, 2004.

/s/ Syrie D. Fried
Syrie D. Fried