FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS            2004 JUN 14 A 11: 11

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10169-NG |
| ) | |
| OUAJDI BEN-MRAD ) | |

JOINT MOTION FOR A RULE 11 HEARING
AND TO COMBINE RULE 11 HEARING AND SENTENCING
AND DISPENSE WITH PRESENTENCE INVESTIGATION

Defendant Ouajdi Ben-Mrad (Ben-Mrad) and the United States jointly move that the Court (1) sentence Mr. Ben-Mrad at the conclusion of the Rule 11 Hearing and (2) dispense with the preparation of a presentence investigation because the Court has sufficient information to exercise it sentencing authority meaningfully, see Fed. R. Crim. P. 32 (b) (1). The parties' grounds are set forth below.

1. Mr. Ben-Mrad lawfully came to the United States on a Temporary Tourist Visa in July of 1999 from Tunisia, in July of 2002 he married a U.S. citizen, Irondina Reis, and has a pending visa application for legal permanent residence based on this marriage. He has completed the first stage of the visa application and was granted a work permit while awaiting his final interview. He has a stepson, Eldric, age 8, from his wife's previous marriage.

2. Mr. Ben-Mrad has no prior criminal record. Counsel for both the United States and Mr. Ben-Mrad have each, separately, reviewed his criminal record; it contains no prior arrests or convictions.

3. Both parties agree U.S.S.G. § 2B1.1 applies to this case placing Mr. Ben-Mrad at a Level 14 which reflects an eight level enhancement based on the amount of loss. Both parties agree Mr. Ben-Mrad should receive a two level decrease pursuant to U.S.S.G. § 3B1.2(b) for being a minor participant in this offense and that another two level reduction is warranted based on his prompt acceptance of responsibility, resulting in a final offense level of 10, with a range of 6-12 months in Zone B. Counsel for both the

United States and Mr. Ben-Mrad have each, separately, reviewed the facts in this case and the application of the guidelines to the facts in reaching this conclusion. (See Plea Agreement ¶ 3 attached as exhibit 1).

4. If the Court were to adopt the plea agreement, the Government will be recommending a sentence at the low end of the applicable guideline range. (See Plea Agreement ¶ 4). Mr. Ben-Mrad would request a sentence of 6 months imprisonment with the defendant serving the remainder of his sentence under home detention per U.S.S.G. § 5C1.1(c). Mr. Ben-Mrad has been detained approximately 4 months on this case having been held since February 12, 2004. If the Court were to order home detention Mr. Ben-Mrad would be returning to his residence, 108 Grinnell Street, New Bedford, MA., with his wife and stepson. His wife, Irondina Reis, was interviewed by Mrs. September-Lee Brown, pretrial services officer, as a potential 3rd party custodian, Mrs. Brown's memorandum is included as exhibit 2.

Based upon the foregoing, the United States and Mr. Ben-Mrad suggest that the Court has sufficient information to exercise meaningfully its sentencing authority under 18 U.S.C. § 3553 and, thus, proceed to sentencing on the same day as the change of plea without a presentence investigation or report.

## CONCLUSION

WHEREFORE, the parties request that the Court sentence Mr. Ben-Mrad after accepting his change of plea.

| | |
|---|---|
| UNITED STATES<br>By its attorney,<br><br>*Nadine Pellegrini by Frank Fernandez*<br>MICHAEL SULLIVAN<br>UNITED STATES ATTORNEY<br>AUSA Nadine Pellegrini | Ouajdi Ben-Mrad<br>By his attorney,<br><br>*[signature]*<br>Frank Fernandez<br>4 Longfellow Place, Suite 3501<br>Boston, MA 02110<br>Tel: 617-393-0250 |

## CERTIFICATE OF SERVICE

I, Frank Fernandez, hereby certify that a true copy of the above document was served upon Assistant U.S. Attorney Nadine Pellegrini, Pretrial Services Officer September Brown and U.S. Probation Officer John Bocon by hand delivery on June 14, 2004.

Frank J. Fernandez